[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, AFSCME, Council 4, Local 1565, and the defendant, Department of Corrections, State of Connecticut, were parties to a collective bargaining agreement effective July 1, 1988 through June 30, 1994. In 1994, the union brought a grievance on behalf of Edward Palko, a member of AFSCME. On September 15, 1994, a service representative for the union witnessed a release of representatlon document ("release") signed by the grievant, Edward Palko, which provided as follows:
 The undersigned hereby releases Local 1565 of Council #4, AFSCME and Council #4, AFSCME, from any obligations to represent Edward Palko in an arbitration proceeding, Case Number (c) 9394-A-1197 before the State Board of Mediation and Arbitration.
 The grievant has voluntarily decided to retain and be represented by Attorney Levinson/Couseneli in the arbitration proceeding of the above matter.
 The undersigned understands that the grievant is fully responsible for all costs and Attorney's fees including any appeals taken by the grievant's Attorney and that Local 1565 of Council #4, AFSCME and Council #4, AFSCME are released from any obligation to pay for costs and Attorney's fees or to institute any appeals.
 The Attorney selected by the undersigned will be responsible for conducting, preparing, arguing and briefing the case and Local 1565 of Council #4, AFSCME and Council #4, AFSCME, are CT Page 8143 released from any duty of representation in the past, now or in the future, in regard to the grievance.
 The grievant is satisfied with the representation received from Local 1565 of Council #4, AFSCME, and Council #4, AFSCME, and releases these organizations from any and all claims that the grievant may have against them.
 Council #4, AFSCME, retains the right to have a representative in attendance at the hearing who will have full authority to reject or approve any settlement agreements that might infringe upon contractual rights in the collective bargaining agreement or such other rights as the union may have.
 The grievant has read and understands this document and has signed it voluntarily.
On January 12, 1995, the arbitrator found that the grievant had been terminated for just cause. On or about February 8, 1995, the union filed an Application to Vacate, Correct or Modify Award Order to Show Cause. The individual grievant is not a plaintiff to this suit.
The defendant contends that the court lacks subject matter jurisdiction over the plaintiff's Application to Vacate, Correct or Modify Award because the union was not "a party to the arbitration" within the meaning of Connecticut General Statutes § 52-418 and § 52-419.
These two statutory provisions require, as a condition precedent to filing an application to vacate, correct or modify, that a party to the arbitration file such document. Because this court finds that AFSCME was a party to the arbitration, defendant's motion to dismiss is denied.
It is undisputed that the parties' collective bargaining agreement permitted both the union and an individual grievant to submit a grievance to arbitration. It is also undisputed that the union instituted the grievance in this case, and that the union initially submitted the matter to arbitration. Moreover, the union was never removed from the arbitration proceedings. In fact, the union maintained an express interest in the proceeding by retaining the right to have a representative present throughout the arbitration.
CT Page 8144
The release dated September 15, 1994, does not provide any support for the argument that the union was no longer a party to the arbitration. While the release constituted a waiver by the grievant of the union's duties to him, the court finds no language to support defendant's contention that the agreement was also a waiver of the union's rights. First, the union did not sign the agreement. Instead it merely witnessed the agreement which provided that "the grievant has read and understands this document and has signed it voluntarily." (Emphasis added.) There is no provision in the release in which the union relinquishes any of its rights, including the right to appeal the decision. Finally, the award specifically referred to the union and nothing in the record provided that the individual grievant was substituted as a party to the arbitration.
Waiver is defined as "an intentional relinquishment of a known right." Haymond Associates v. Insurance Co. ofPennsylvania, 231 Conn. 756, 777 (1995). There must be a knowledge of the existence of the right and intent to relinquish it. Id. Ultimately, the question of whether there was a waiver is a question of intention under all the circumstances. Based on the record before this court, it cannot find as a matter of law that the union waived its right to appeal.
For all the foregoing reasons, the defendant's motion to dismiss is denied.
Rogers, J.